**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robin R Kavanaugh, | No. CV-19-04771-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Before the Court is Defendant's unopposed Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) (Doc. 22). Defendant seeks to amend the Court's June 12, 2020 Order (Doc. 20) "to promote judicial economy and avoid the likelihood of an appeal." (Doc. 22 at 3.) Plaintiff does not object to the motion.

Specifically, Plaintiff argued in her briefing that, among other things, remand was appropriate because the Administrative Law Judge (ALJ) that conducted Plaintiff's hearing was not properly appointed under the Appointments Clause of United States Constitution. (Doc. 13 at 8-12; Doc. 19 at 5-6) The Court rejected this argument on grounds that Plaintiff waived her Appointments Clause argument by failing to raise it before the ALJ. (Doc. 20 at 10-12.) The Court also cited various authorities holding that a social security plaintiff waives an Appointments Clause argument by failing to raise it before the ALJ. *See, e.g.*, *Younger v. Comm'r of Soc. Sec. Admin.*, No. CV-18-02975-PHX-MHB, 2020 WL 57814, at *5 (D. Ariz. Jan. 6, 2020); *Samuel F. v. Berryhill*, Case No. CV 17-7068-JPR, 2018 WL 5984187, at *2 n.6 (C.D. Cal. Nov. 14, 2018) (Doc. 20 at 11).

Defendant now requests a remand because "it was not initially not clear during the litigation" that Plaintiff raised her Appointments Clause argument before the Appeals Council. (Doc. 22 at 1.) The Court notes that the Administrative Record in this case did indicate that Plaintiff raised the Appointment Clause argument in a cover letter enclosing her Request for Review of Hearing Decision/Order to the Appeals Council (R. at 237), and in a separate letter to the Appeals Council. (R. at 383.) Nonetheless, because Plaintiff raised this argument for the first time in her reply brief, the Court deemed the argument to be waived. (Doc. 20 at 11 n.4).

Defendant now states that the Commissioner's position before this and other courts "has been to argue that an Appointments Clause challenge has been forfeited only in those cases where a claimant did not raise the issue at some point during the administrative proceedings." (*Id.* at 2.) To "promote judicial economy and avoid the likelihood of an appeal," Defendant now seeks to amend the Court's June 12, 2020 Order and judgment, and for the Court to enter a new Order remanding for further proceedings. (*Id.* at 3.) Defendant notes that this is an "unusual request."

Rule 59(e) provides that a party may move for amendment to a judgment within 28 days of entry of the judgment. Fed. R. Civ. P. 59(e). The Court may grant a motion under Rule 59(e) if the court is presented with newly discovered evidence, if the court committed clear error, if the initial decision was manifestly unjust, or if there is an intervening change in controlling law. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). A district court has "considerable discretion" in granting or denying Rule 59(e) motion. *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (citation omitted).

Here, the Court finds that the initial decision was manifestly unjust in light of Defendant's assertion that in other cases, its position before this and other Courts has been to argue that an Appointments Clause challenge has been forfeited only "where a claimant did not raise the issue at some point during the administrative proceedings." (Doc. 22 at 3.) The Court does not believe that its prior Order contained legal error. Nonetheless, in the interests of judicial economy and consistent treatment of litigants, the Court will grant

Defendant's motion. Accordingly,

**IT IS ORDERED granting** the Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) (Doc. 22).

**IT IS FURTHER ORDERED** amending the Court's prior Order and Judgment (Docs 20, 21), to the extent inconsistent with this Order, and remanding the matter to the Commissioner of Social Security Administration for further proceedings.

**IT IS FURTHER ORDERED** that on remand, the Appeals Council shall direct the Administrative Law Judge (ALJ) to offer Plaintiff the opportunity for a new hearing with a different ALJ; further consider the nature and severity of Plaintiff's mental impairments; further evaluate Plaintiff's residual functional capacity; reconsider whether Plaintiff can perform her past relevant work; take any further action needed to complete the administrative record; and issue a new hearing decision.

**IT IS FINALLY ORDERED** directing the Clerk of the Court to enter an amended judgment accordingly. This matter shall remain closed.

Dated this 11th day of August, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge